# 24-2089

## In the
## United States Court of Appeals
## For the Second Circuit



THERESA SPIEGEL,
*Plaintiff–Appellant*

v.

ESTÉE LAUDER INC., ESTÉE LAUDER COMPANIES, INC., ELC
BEAUTY LLC, ESTÉE LAUDER INTERNATIONAL INC., LUSINE
JACOBS, NOÉ ARTEAGA, ANGELINA MILLER and JENNE EUGENE,
*Defendants-Respondents*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

## BRIEF FOR
## PLAINTIFF-APPELLANT

*Attorneys for Plaintiff-Appellant:*

HUGO ORTEGA, ESQ.
TANNER & ORTEGA, LLP
299 Broadway - Suite 1700
New York, NY 10007
Telephone: (212)962-1333
Email: hortega@tannerortega.com

# RULE 26.1 DISCLOSURE STATEMENT

a.      Appellant Theresa Spiegel is a natural person.

b.      This is not a criminal case.

c.      This is not a bankruptcy case.

Dated:          October 9, 2024
                New York, NY

Respectfully submitted,

/s/ Hugo Ortega

HUGO ORTEGA,
ESQ.TANNER & ORTEGA,
LLP299 Broadway - Suite
1700New York, NY
10007Telephone: (212)962-
1333Email:
hortega@tannerortega.com

# TABLE OF CONTENTS

DISCLOSURE STATEMENT ....................................................i

TABLE OF AUTHORITIES.................................................... iii

JURISDICTIONAL STATEMENT ........................................1

STATEMENT OF ISSUES ...................................................2

STATEMENT OF THE CASE ..............................................4

FACTS OF THE CASE .........................................................4

SUMMARY OF THE ARGUMENT....................................8

ARGUMENT .......................................................................9

    POINT I: SUFFICIENCY OF PLEADINGS UNDER STATE AND
    FEDERAL LAW ...............................................................9

        A. Standard of Review for Motion to Dismiss .............................9

        B. Failure to Apply Proper Pleading Standards...........................10

        C. Application of McDonnell Douglas Burden-Shifting Framework ........11

        D. Adverse Employment Actions and Disparate Treatment.......................11

        E. Procedural Errors in Pleading Standards ...............................12

        F. Conclusion ......................................................13

    POINT II: IMPROPER DISMISSAL OF HOSTILE WORK ENVIRONMENT
    CLAIMS.........................................................................13

        A. Standard of Review for Hostile Work Environment Claims .................13

        B. Errors in Applying Hostile Work Environment Standards ....................14

        C. Proper Interpretation of NYCHRL and NYSHRL..................15

        D. Failure to Address the Cumulative Impact of Discriminatory Acts .......15

E. Continuous Pattern of Discrimination ......................................................16

F. Relevant Precedent.............................................................................16

G. Conclusion .........................................................................................16

POINT III: REVERSAL OF DISMISSAL OF 42 U.S.C. § 1981 CLAIMS

    A. Standard of Review ............................................................................17

    B. Racial Discrimination Under 42 U.S.C. § 1981 .....................................17

    C. Retaliation Claims Under 42 U.S.C. § 1981...........................................18

    D. Individual Liability Under 42 U.S.C. § 1981 .........................................18

    E. Conclusion .........................................................................................19

POINT IV: IMPROPER DISMISSAL BASED ON LACK OF COMPARATOR ..........................................................................................19

    A. Standard of Review.............................................................................19

    B. Legal Standards for Comparator Evidence ............................................19

    C. Circumstantial Evidence Without Comparators .....................................20

    D. Courts' Recognition of Supervisors' Exclusion and Disparate Treatment ..........................................................................................20

    E. Conclusion .........................................................................................20

POINT V: IMPROPER DISMISSAL OF TORT CLAIMS ............................21

    1) Reinstatement of the Intentional Infliction of Emotional Distress (IIED) Claim..................................................................................................21

        A. Standard of Review ........................................................................21

        B. Failure to Oppose Was Inadvertent .................................................21

        C. Substantive Viability of the IIED Claim ..........................................22

        D. Interests of Justice Favor Reinstatement ........................................22

iii

E. Conclusion .................................................................................22

2) Erroneous Dismissal of Negligent Hiring, Retention, and Supervision Claims Under NYWCL................................................................22

    A. Standard of Review ...............................................................23

    B. NYWCL Exclusivity Does Not Apply to Gross Negligence ........23

    C. Viability of the Negligent Hiring, Retention, and Supervision Claim ....................................................................................23

    D. Public Policy Supports Employer Accountability .........................24

    E. Conclusion ...........................................................................24

POINT VI: IMPROPER DISMISSAL OF WAGE CLAIMS FOR LACK OF SPECIFICITY .................................................................................24

    A. Standard of Review................................................................24

    B. Legal Standard for Pleading Wage Claims ...............................25

    C. Precedent Supporting General Allegations ...............................25

    D. Role of Discovery in Wage and Hour Claims ..........................26

    E. Spiegel's Factual Allegations Meet the Pleading Standard ...................26

    F. Conclusion ...........................................................................26

POINT VII: SUBSTANTIVE CLAIMS SHOULD NOT BE DISMISSED ON TECHNICAL GROUNDS .................................................................27

    A. Standard of Review and Premature Dismissal.........................27

    B. Liberal Construction of Discrimination and Retaliation Claims ............27

    C. Hostile Work Environment and Wage Claims.........................28

    D. Oral Argument and Policy Against Premature Dismissals ...................28

    E. Conclusion .............................................................................29

CONCLUSION ..................................................................................................29

CERTIFCATE OF COMPLIANCE........................................................................31

CERTIFICATE OF SERVICE..............................................................................32

# TABLE OF AUTHORITES

**Cases:** **Page(s)**

*Albunio v. City of New York,*
16 N.Y.3d 472 (2011) ................................................................. 10, 14, 24, 27

*Anderson v. Liberty Lobby, Inc.,*
477 U.S. 242 (1986) ................................................................. 27

*Ashcroft v. Iqbal,*
556 U.S. 662 (2009) ................................................... 9, 12, 17, 19, 23, 24, 27

*Carr v. New York City Transit Authority,*
76 F.4th 172 (2d Cir. 2023) ...................................................... 18

*Conley v. Gibson,*
355 U.S. 41 (1957) ................................................................. 10, 28

*Cortec Indus., Inc. v. Sum Holding L.P.,*
949 F.2d 42 (2d Cir. 1991) ...................................................... 12

*Dejesus v. HF Mgmt. Servs.,*
LLC, 726 F.3d 85 (2d Cir. 2013) ............................................... 26

*Desert Palace, Inc. v. Costa,*
539 U.S. 90 (2003) ................................................................. 20

*Detone v. Bullit Courier Serv., Inc.,*
140 A.D.2d 278 (1st Dep't 1988) ............................................... 23

*Doe v. Guthrie Clinic, Ltd.,*
22 N.Y.3d 480 (2014) ............................................................. 24

*Erie R. Co. v. Tompkins,*
304 U.S. 64 (1938) ................................................................. 12

*Foman v. Davis,*
371 U.S. 178 (1962) ............................................................... 21-22

*Forrest v. Jewish Guild for the Blind,*
3 N.Y.3d 295 (2004) ............................................................... 16

*Gavish v Revlon, Inc.,*
2004 US Dist LEXIS 19771 [SDNY Sep. 29, 2004] .................................. 12

*Gorzynski v. JetBlue Airways Corp.,*
596 F.3d 93 (2d Cir. 2010) ........................................................... 18, 20

*Harris v. Forklift Sys., Inc.,*
510 U.S. 17 (1993) ................................................................. 13, 16, 28

*Herrera v. Comme des Garcons, Ltd.,*
84 F.4th 110 (2d Cir. 2023) ............................................................... 25

*Houston v. F. W. Woolworth Co.,*
595 F.2d 290 (5th Cir. 1979) ............................................................. 28

*Howell v. New York Post Co.,*
81 N.Y.2d 115, 121 (1993) ............................................................ 21-22

*Littlejohn v. City of New York,*
795 F.3d 297 (2d Cir. 2015) ........................................................... 19-20

*Lundy v. Catholic Health System of Long Island, Inc.,*
711 F.3d 106 (2d Cir. 2013) .......................................................... 26, 28

*McDonnell Douglas Corp. v. Green,*
411 U.S. 792 (1973) ......................................................................... 11

*Nakahata v. New York-Presbyterian Healthcare Sys., Inc.,*
723 F.3d 192 (2d Cir. 2013) ............................................................... 25

*O'Rourke v. Long,*
41 N.Y.2d 219 (1976) ...................................................................... 23

*Patterson v. County of Oneida,*
N.Y., 375 F.3d 206, 226 (2d Cir. 2004) ............................................... 18

*Ramos v. Jake Realty Co.,*
21 A.D.3d 744 (1st Dep't 2005) ........................................................ 23

*Sec'y of Labor v. Labbe,*
319 F. App'x 761 (11th Cir. 2008) ..................................................... 25

*Staub v. Proctor Hospital,*
562 U.S. 411 (2011) ......................................................................... 18

*Swierkiewicz v. Sorema N.A.,*
534 U.S. 506 (2002)............................................................ 10, 17, 19-20, 27-28

*Twombly v. Bell Atlantic Corp.,*
550 U.S. 544 (2007).............................................................................. 9, 12

*Vasquez v. Empress Ambulance Serv., Inc.,*
835 F.3d 267 (2d Cir. 2016)........................................................................ 18

*Whidbee v. Garzarelli Food Specialties, Inc.,*
223 F.3d 62 (2d Cir. 2000)......................................................................... 18

*Williams v. New York City Hous. Auth.,*
61 A.D.3d 62, 68 (1st Dep't 2009) ............................................................ 15

*Zakrzewska v. The New School,*
14 N.Y.3d 469 (2010).............................................................................. 15

## Statutes & Other Authorities:

N.Y. CPLR§ 3013 .................................................................................12

New York City Human Rights Law § 8-101.........................................................2

New York City Human Rights Law § 8-107................................................ *passim*

New York State Human Rights Law § 290............................................................2

New York State Human Rights Law § 296(a), et seq. .................................. *passim*

New York Workers' Compensation Law .................................................. 3, 8, 23-24

Fair Labor Standards Act of 1938 (FLSA)............................................. 1, 3, 24-29

29 U.S.C. § 206 ................................................................................1, 4

28 U.S.C. § 1291 .....................................................................................1

28 U.S.C. § 1367 ....................................................................................12

28 U.S.C. § 2107(a)...................................................................................1

42 U.S.C. § 1981 ................................................ 1, 2, 4, 8, 10, 17-20, 29

**Federal Rules of Civil Procedure:**

Fed. R. App. P. 4(a)(1)(A)..........................................................................1

Fed. R. App. P. 4(a)(7)(ii) .........................................................................1

Fed. R. Civ. P. 8(a) .........................................................................10, 25

Fed. R. Civ. P. 12(b)(6).........................................9, 13, 19, 23, 24, 27

# JURISDICTIONAL STATEMENT

A.     This matter arose under violations of New York City Human Right Law §8-107, New York State Human Rights Law §296(a) *et seq*., 42 USC §1981, the federal Fair Labor Standards Act of 1938, and 29 U.S.C. §206. [TS-4].[1] The Defendants removed the case from New York County Supreme Court. Plaintiff's subsequent motion requesting remand were denied by Judge Denise Cote of the Southern District of New York.

B.     The District Court entered final judgment. [SPA-1, TS-465] (entry of judgment), see Fed. R. App. P. 4(a)(7)(ii) (defining entry). This Court has appellate jurisdiction. See 28 U.S.C. § 1291 (appellate jurisdiction over final decisions).

C.     The District Court entered final judgment on July 12, 2024. [SPA-1, TS-465] Twenty-five (25) days later, on August 6, 2024, the notice of appeal was filed. [SPA-23, TS-466]. This appeal is timely. See 28 U.S.C. §2107(a); Fed. R. App. P. 4(a)(1)(A).

D.     The District Court disposed of all claims by order, [TS-443], and entered judgment, [SPA-1, TS-465]. This appeal arises from a final judgment that disposed of all claims.

---

[1] App. citations are to the Appellant's Appendix. Throughout this Brief, all emphasis is added unless otherwise indicated. Internal quotation marks, citations, and brackets are frequently removed for ease of reading.

## STATEMENT OF ISSUES

**1. Hostile Work Environment Claims (NYCHRL & NYSHRL)**

Did Spiegel adequately plead that she faced a hostile work environment based on race, age, and gender identity in violation of NYCHRL §8-101 and NYSHRL §290?

**Answer:** Yes. Spiegel's SAC details discriminatory actions, including exclusion from key decisions, selective policy enforcement, and retaliatory discipline. These meet the standard for hostile work environment claims, warranting reversal and remand.

**2. Racial Discrimination (42 U.S.C. § 1981)**

Did Spiegel allege sufficient facts to support an inference of racial discrimination under 42 U.S.C. § 1981?

**Answer:** Yes. The Complaint provides evidence of discriminatory treatment, including exclusion from key processes and disproportionate scrutiny, establishing a plausible racial discrimination claim. Reversal is warranted.

**3. Retaliation (42 U.S.C. § 1981)**

Did Spiegel sufficiently allege retaliation after raising concerns of racial discrimination in violation of 42 U.S.C. § 1981?

**Answer:** Yes. Spiegel's Complaint shows protected activity followed by retaliatory exclusion and termination, sufficient for a retaliation claim. This Court should reverse the dismissal.

**4. Wage Violation Claims (FLSA & NYLL)**

Did the district court err in dismissing Spiegel's wage claims under FLSA and NYLL for lack of specificity?

**Answer:** Yes. Spiegel adequately alleged regular overtime work without proper compensation, meeting the requirements of FLSA and NYLL. The dismissal was premature, and this Court should reverse and remand for discovery.

**5. Intentional Infliction of Emotional Distress (IIED)**

Was the dismissal of Spiegel's IIED claim procedurally improper, despite the claim's substantive merits?

**Answer:** Yes. Spiegel sufficiently alleged severe emotional distress caused by discriminatory acts, and the procedural dismissal was improper. The Court should reverse and reinstate the claim.

**6. Negligent Hiring, Retention, and Supervision**

Did the district court err in dismissing Spiegel's claims for negligent hiring, retention, and supervision under NYWCL despite allegations of gross negligence?

**Answer:** Yes. Spiegel's allegations of gross negligence and intentional misconduct fall outside NYWCL exclusivity. Reversal and remand are necessary.

**7. Denial of Oral Argument**

Did the district court err by denying oral argument, given the complexity and evolving nature of the claims?

**Answer:** Yes. The denial deprived Spiegel of the opportunity to address key issues. This Court should reverse and remand for further proceedings, including oral argument.

## STATEMENT OF THE CASE

This appeal arises from a lawsuit alleging violations of New York City Human Rights Law §8-107, New York State Human Rights Law §296(a), *et seq*., 42 USC §1981, the federal Fair Labor Standards Act of 1938, and 29 U.S.C. §206 [TS-4]. Following briefing on a motion to dismiss, the District Court (the Honorable Denise Cote, U.S. District Judge of the U.S. District Court for the Southern District of New York) granted the Defendants' motion to dismiss all claims.

The core basis of the District Court's disposition is that Spiegel did not plead facts that were sufficient to survive a motion to dismiss, particularly as it pertains to her discrimination, retaliation, and wage violation claims.

## FACTS OF THE CASE[2]

Spiegel was employed by Defendant ELC Beauty LLC ("Beauty") as the store manager at the Frederic Malle Greenwich Village location ("the Store") from April 2019 to November 14, 2022. Her supervisors, Defendants Lusine Jacobs and Angelina Miller, and HR representative, Defendant Jenne Eugene, were all employed by Estée Lauder Companies, Inc. ("ELC Inc.") and its subsidiary, Beauty.

---

[2] As pleaded in Spiegel's SAC.

In September 2021, Noé Arteaga, a Black Hispanic male in his early 20s, began working at the Store as a fragrance salesperson. The Second Amended Complaint ("SAC") [TS-384] describes Arteaga as identifying strongly with LGBTQ+ classifications. Spiegel, as Arteaga's supervisor, had a contentious relationship with him. She alleges that Arteaga was frequently late, violated the dress code, was insubordinate, and dishonest. Despite Spiegel's complaints to Jacobs and Miller, she received minimal support in disciplining Arteaga. Although she was eventually permitted to write him up for lateness, Arteaga's behavior persisted without further discipline.

In response, Arteaga lodged complaints about Spiegel's behavior. In November 2021, after Spiegel raised concerns about Arteaga's dress code violations, Arteaga claimed the policy was "racist," asserting that it discriminated against people of color. In May 2022, Spiegel suspended Arteaga for wearing excessively wrinkled clothing, notifying Jacobs and HR of the suspension.

On June 7, Arteaga left the book *How to Be an Antiracist* on Spiegel's desk, which argues that White individuals foster hatred and harm against Black people. According to the SAC, Spiegel's supervisors took actions against her due to Arteaga's complaints and issues related to her management of the Store. In January 2022, Spiegel was reprimanded for posting store schedules without prior approval,

5

despite her claim that Jacobs had informed her that Arteaga's time off had been approved and the schedules were ready for posting.

In April 2022, Jacobs criticized Spiegel for Arteaga's low sales and suggested she should no longer work for Beauty. On May 11, 2022, a Human Resources representative instructed Spiegel not to give coworkers compliments, referencing one she had given Arteaga. On June 1, 2022, Jacobs informed Spiegel that she should only refer to Arteaga by name or by the pronoun "they."

In June 2022, Frederic Malle, the brand's founder, met with Spiegel and asked her professional opinion of Jacobs, to which she gave a negative assessment. Upon learning of this, Jacobs reprimanded Spiegel, stating that the meeting was an "overreach."

On July 2, 2022, Jacobs provided Store employees with their performance evaluations. While Spiegel received praise for her performance, she was excluded from evaluating Arteaga, which violated company protocol. On August 2, Spiegel received a Final Warning for allegedly discussing Arteaga during a private phone conversation in the Store's basement, an accusation she denied.

In response, Spiegel retained an attorney who notified Beauty on September 12, 2022, that Spiegel was prepared to sue due to ongoing harassment, a hostile work environment, and unlawful discrimination by her supervisors and HR. Negotiations failed to resolve the matter, and on October 25, 2022, Spiegel was placed on paid

administrative leave. Defendant Eugene requested an interview regarding Spiegel's interactions with Arteaga, offering to continue the interview with Spiegel's attorney present. When Spiegel opted to proceed with legal representation, the company declined to resume the interview. On November 14, 2022, Spiegel's employment was terminated, citing her "inability to meet company standards."

1. <u>PROCEDURAL HISTORY</u>

Spiegel filed this action in the Supreme Court of New York, County of New York, on November 28, 2023 [TS-4]. On December 27, 2023, it was removed to the Southern District of New York [TS-101]. The Plaintiff filed a motion to remand on January 22, 2024 [TS-221]. The Defendants filed a first motion to dismiss on February 23, 2024 [TS-251]. On March 8, 2024, Spiegel filed the first amended complaint [TS-286]. Pursuant to this, the first motion to dismiss was dismissed on March 12, 2024 [TS-320]. The Defendants then filed a second motion to dismiss on March 15, 2024 [TS-323]. On April 5, 2024, Spiegel filed an opposition to the motion to dismiss as well as a motion for leave to again amend the complaint [TS-356]. The motion for leave to amend was granted and the Defendants were instructed to respond to any new factual allegations in their reply to the motion to dismiss [TS-423]. Spiegel filed the SAC on April 8, 2024 [TS-384]. The Defendants' second motion to dismiss was fully submitted on April 16, 2024 [TS-423].

The District Court ruled and denied the motion to remand on April 17, 2024 [TS-438]. The District Court ruled on the Defendants' motion to dismiss on July 11, 2024, dismissing all claims against the Defendants [TS-443]. The Court's judgment was filed the next day on July 12, 2024 [SPA-1, TS-465]. On August 6, 2024, Spiegel filed her notice to appeal [SPA-23, TS-466]. This brief followed.

## SUMMARY OF THE ARGUMENT

This appeal seeks reversal of the district court's premature dismissal of Theresa Spiegel's claims under the NYCHRL, NYSHRL, 42 U.S.C. § 1981, FLSA, and NYLL. Spiegel sufficiently pled hostile work environment, racial discrimination, retaliation, wage violations, and tort claims. The district court failed to accept all factual allegations as true and apply the liberal pleading standards required under the relevant laws, particularly the NYCHRL and NYSHRL.

Spiegel's claims of discriminatory exclusion, disparate treatment, and retaliatory termination were improperly dismissed, as was her evidence of wage violations. The district court also erred in dismissing her emotional distress and negligence claims by misapplying New York Workers' Compensation Law. Additionally, the denial of oral argument further hindered Spiegel's opportunity to clarify her claims.

This Court should reverse the dismissal and remand for further proceedings, including discovery.

**ARGUMENT**

**POINT I: SUFFICIENCY OF PLEADINGS UNDER STATE AND FEDERAL LAW**

**A. Standard of Review**

The district court erred in dismissing Plaintiff Spiegel's claims, failing to properly apply the relevant legal standards under both New York State and federal law. On a motion to dismiss under FRCP §12(b)(6), the burden of proof is on the defendant. According to *Twombly v. Bell Atlantic Corp.,* 550 U.S. 544 (2007) and *Ashcroft v. Iqbal,* 556 U.S. 662 (2009), the process for determining sufficiency involves three steps: (1) outlining the elements of the claim, (2) identifying well-pleaded factual allegations, and (3) assessing whether those facts, taken as true, state a plausible claim for relief. Under *de novo* review, all factual allegations in Spiegel's Second Amended Complaint (SAC) must be accepted as true, and all reasonable inferences drawn in her favor. The focus must remain on the sufficiency of the allegations, not extrinsic materials, ensuring fairness in examining her claims.

The SAC outlined specific instances of discrimination, retaliation, and wage violations, surpassing the threshold for surviving a motion to dismiss. The Defendants' attempt to paint Spiegel as the cause of a hostile work environment is

9

unsubstantiated, and the district court failed to fully consider the systemic discrimination within the company.

## B. Failure to Apply Proper Pleading Standards

Spiegel's SAC adequately pled claims under the NYCHRL, NYSHRL, and 42 U.S.C. §1981, statutes designed to broadly protect against discrimination based on race, age, and gender identity. The district court failed to apply the liberal construction required under the NYCHRL and NYSHRL, misapplying the law. These statutes are remedial and intended to deter discrimination while providing broad protections (*Albunio v. City of New York*, 16 N.Y.3d 472 (2011)).

In *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002), the Supreme Court held that detailed facts establishing a prima facie case are not required at the pleading stage. The purpose of discovery is to uncover those facts, and premature dismissal is inappropriate when a claim is sufficiently pled under Rule 8(a) of the Federal Rules of Civil Procedure. Similarly, in *Conley v. Gibson*, 355 U.S. 41 (1957), the Court stated that dismissal is improper unless it appears beyond doubt that no facts could support the claim. The district court here prematurely dismissed Spiegel's claims, ignoring the principle that discovery should proceed to explore the details further.

## C. Application of the McDonnell Douglas Burden-Shifting Framework

Spiegel's SAC clearly established that she belongs to protected classes and linked adverse employment actions directly to those characteristics, which should have triggered judicial scrutiny under the *McDonnell Douglas* burden-shifting framework (see *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). Spiegel met her initial burden by showing she was a member of a protected class, faced adverse actions, and was treated less favorably than others outside her class.

## D. Adverse Employment Actions: Disparate Treatment, Disciplinary Actions, and Termination

Spiegel's exclusion from managerial decisions constituted a significant adverse employment action. This exclusion was not experienced by her colleagues outside her protected class, confirming disparate treatment. Furthermore, the disciplinary actions taken against her were unfounded and part of a broader retaliatory and discriminatory scheme. Spiegel was subjected to scrutiny for minor infractions, while similarly situated colleagues were not disciplined.

The selective enforcement of the pronoun mandate exemplifies the biased treatment Spiegel faced, as she alone was required to comply while others outside her protected class were not. The inconsistent enforcement of workplace policies—such as the dress code—further underscores this bias, demonstrating selective and discriminatory treatment.

The SAC met the standard for pleading circumstantial evidence by showing that Defendants knew facts that contradicted their public statements (*Gavish v Revlon, Inc., 2004 US Dist LEXIS 19771 [SDNY Sep. 29, 2004]*). Moreover, the timing of Spiegel's termination closely followed her complaints, which suggests a pretext for retaliation. The district court failed to properly consider the temporal proximity between her complaints and termination.

In addition, case law supports that a complaint includes not just the allegations but also written instruments attached or incorporated by reference (*Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 47 (2d Cir. 1991)). The district court's failure to account for these incorporated documents further compounded its error.

## E. Procedural Errors in the Application of Pleading Standards

The district court made a fundamental error by applying the *Twombly/Iqbal* plausibility standard to Spiegel's state law claims under the NYCHRL and NYSHRL. New York's pleading standard is more lenient, requiring only a "short and plain statement" of the facts (N.Y. C.P.L.R. § 3013). By not applying the correct standard, the district court violated the principles of federalism and supplemental jurisdiction under 28 U.S.C. § 1367.

Furthermore, under the *Erie* doctrine (*Erie R. Co. v. Tompkins*, 304 U.S. 64 (1938)), federal courts must apply state substantive law in cases involving state claims. The NYCHRL and NYSHRL are broad remedial statutes designed to

eliminate discrimination. The district court's failure to apply this broad interpretation undermined the administration of justice and deprived Spiegel of the full protections intended under these laws.

## F. Conclusion

The district court erred by dismissing Spiegel's claims based on procedural missteps and misapplication of the law. Spiegel's complaint was well-pleaded under both state and federal standards, and the case should have proceeded to discovery. The SAC presented sufficient evidence of discriminatory conduct, including exclusion from meetings, selective enforcement of policies, unwarranted disciplinary actions, and retaliatory termination. The dismissal was premature and unjustified. This Court should reverse the district court's decision and remand for further proceedings, allowing Spiegel to pursue her claims on the merits.

## POINT II: IMPROPER DISMISSAL OF HOSTILE WORK ENVIRONMENT CLAIMS

## A. Standard of Review

The district court erred in dismissing Spiegel's hostile work environment claims under the NYCHRL and NYSHRL, both of which are designed to broadly protect individuals from discriminatory, abusive, or intimidating work environments. The standard of review under Rule 12(b)(6) is *de novo*, requiring the appellate court to accept all factual allegations as true and draw reasonable

13

inferences in favor of the plaintiff (*Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993)). Spiegel's allegations, when viewed in the light most favorable to her, describe pervasive discriminatory conduct, precluding dismissal at this early stage. The district court misinterpreted the statutory intent of these laws, which mandate liberal interpretation to protect employees facing workplace discrimination.

## B. Errors in Applying Hostile Work Environment Standards

Spiegel provided detailed factual allegations of a hostile work environment, including exclusion from managerial meetings, unwarranted disciplinary actions, selective policy enforcement, and the imposition of unnecessary requirements— such as a unique pronoun mandate aimed solely at her. These acts, connected to her race, age, and gender identity, were not isolated but part of a sustained discriminatory pattern. The district court wrongly concluded that these actions were not "severe or pervasive" enough, despite both the NYCHRL and NYSHRL allowing claims based on the cumulative effect of smaller discriminatory acts (*Albunio v. City of New York*, 16 N.Y.3d 472 (2011)).

Further, Arteaga's baseless complaints about personal compliments only emphasize the pretextual nature of the accusations against Spiegel. These complaints, designed to undermine her authority, contributed to a hostile work environment rather than addressing legitimate concerns. The court's failure to consider these pretexts was a significant oversight.

## C. Proper Interpretation of NYCHRL and NYSHRL

The NYCHRL and NYSHRL require a broad interpretation of hostile work environment claims. The NYCHRL specifically mandates a liberal construction to further its remedial purpose, meaning claims should only be dismissed if it is unequivocally clear that no violation occurred (*Williams v. New York City Hous. Auth.*, 61 A.D.3d 62, 68 (1st Dep't 2009)). Spiegel's allegations of exclusion, unfair discipline, and discriminatory treatment linked to her protected characteristics are sufficient under these statutes. The district court's narrow reading disregarded the expansive protections the laws provide.

## D. Failure to Address the Cumulative Impact of Discriminatory Acts

The district court applied the wrong standard by focusing on isolated incidents instead of considering the cumulative effect of discriminatory actions. Under the NYCHRL, hostile work environment claims are evaluated based on whether any part of the employer's conduct could reasonably be viewed as contributing to a discriminatory workplace (*Zakrzewska v. The New School*, 14 N.Y.3d 469, 479 (2010)). This more lenient standard allows claims to proceed even if individual acts may not meet the federal definition of "severe or pervasive." Spiegel's experience of repeated exclusion, unfair treatment, and retaliation formed a clear pattern of discrimination, which the district court failed to fully acknowledge.

## E. Continuous Pattern of Discrimination

Spiegel's allegations are not based on a single discriminatory event, but rather a continuous pattern of exclusion from meetings, disparate treatment, and harassment based on her race, age, and gender identity. Courts are required to assess hostile work environment claims by considering the totality of the circumstances (*Harris v. Forklift Sys.*, 510 U.S. 17, 23 (1993)). The district court ignored this holistic approach, dismissing the case prematurely. Viewed in context, Spiegel's claims provide sufficient grounds to establish a hostile work environment.

## F. Relevant Precedent

New York courts consistently hold that hostile work environment claims should not be dismissed at the pleading stage when a plaintiff alleges a pattern of discriminatory behavior. Spiegel's Second Amended Complaint (SAC) detailed enough facts to plausibly claim a hostile work environment under both the NYCHRL and NYSHRL (*Forrest v. Jewish Guild for the Blind*, 3 N.Y.3d 295 (2004)). The district court's dismissal, based on a narrow interpretation, runs contrary to this established precedent.

## G. Conclusion

The district court's dismissal of Spiegel's hostile work environment claim was premature. Spiegel provided ample factual allegations that demonstrated a pattern of discrimination, including exclusion from managerial decisions, selective enforcement of policies, and lack of support, all of which were tied to her protected

characteristics. These claims should have been allowed to proceed to discovery. The appellate court should reverse the dismissal and reinstate Spiegel's hostile work environment claims under the NYCHRL and NYSHRL for full adjudication on the merits.

## POINT III: REVERSAL OF DISMISSAL OF 42 U.S.C. § 1981 CLAIMS

### A. Standard of Review

The district court erred in dismissing Spiegel's claims under 42 U.S.C. § 1981, which prohibits racial discrimination in contractual and employment relationships. The court misapplied the pleading standards and ignored circumstantial evidence of racial bias. Under de novo review, the appellate court must determine if the complaint states a plausible claim for relief by accepting all factual allegations as true (*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

### B. Racial Discrimination Under 42 U.S.C. § 1981

The district court incorrectly concluded that Spiegel did not sufficiently allege racial discrimination. § 1981 requires only that the plaintiff present plausible facts indicating that race was a motivating factor in adverse employment actions (*Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 510-12 (2002)). Spiegel's allegations—exclusion from decision-making, unwarranted discipline, and conflicting management directives—demonstrate disparate treatment tied to her race, which falls squarely within the scope of § 1981. Moreover, under the "cat's paw" theory of

liability, an employer can be held liable for a subordinate's racial bias if that bias influenced the employer's decision (*Staub v. Proctor Hospital*, 562 U.S. 411 (2011); *Vasquez v. Empress Ambulance Serv., Inc.*, 835 F.3d 267, 274 (2d Cir. 2016)).

## C. Retaliation Claims Under 42 U.S.C. § 1981

Spiegel's retaliation claim meets the required elements: (i) engagement in protected activity, (ii) employer's awareness, (iii) adverse action, and (iv) causal connection between the activity and adverse action (*Carr v. New York City Transit Authority*, 76 F.4th 172, 180 (2d Cir. 2023)). Spiegel reasonably believed she was opposing unlawful discrimination when she raised concerns about her exclusion from decisions and disproportionate discipline. The district court erred in dismissing her retaliation claim by requiring a direct link to racial animus at this stage (*Gorzynski v. JetBlue Airways Corp.,* 596 F.3d 93, 111 (2d Cir. 2010)).

## D. Individual Liability Under 42 U.S.C. § 1981

The district court further erred by dismissing claims against individual defendants. § 1981 holds individuals personally accountable for discriminatory or retaliatory actions they directly participate in (*Patterson v. County of Oneida, N.Y.*, 375 F.3d 206, 226 (2d Cir. 2004)). Even Arteaga, a subordinate, can be liable for engaging in racially motivated conduct that adversely affected Spiegel's employment conditions (*Whidbee v. Garzarelli Food Specialties, Inc.*, 223 F.3d 62, 75 (2d Cir. 2000)).

## E. Conclusion

The district court prematurely dismissed Spiegel's claims under § 1981 without fully considering the circumstantial evidence of racial discrimination and retaliation. Spiegel sufficiently alleged a plausible claim for relief, and the dismissal was unjustified at this stage. This Court should reverse the district court's dismissal and remand the case for discovery to substantiate Spiegel's claims.

## POINT IV: IMPROPER DISMISSAL BASED ON LACK OF COMPARATOR

### A. Standard of Review

The district court's dismissal under Rule 12(b)(6) is reviewed de novo. The court must determine if the complaint states a plausible claim by drawing all reasonable inferences in favor of the plaintiff (*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 508 (2002)). Plaintiffs in discrimination claims under 42 U.S.C. § 1981, NYSHRL, and NYCHRL are not required to present comparator evidence at the pleading stage (*Littlejohn v. City of New York*, 795 F.3d 297, 311 (2d Cir. 2015)). The district court misapplied these standards by dismissing Spiegel's claims for lack of comparators.

### B. Legal Standards for Comparator Evidence

Comparator evidence is not required to state a plausible claim of disparate treatment. In *Swierkiewicz v. Sorema N.A.,* the Supreme Court held that plaintiffs

need only present facts suggesting disparate treatment, and the Second Circuit reaffirmed this in *Littlejohn v. City of New York*, recognizing that circumstantial evidence, such as exclusion from meetings or harsher discipline, can establish discriminatory intent.

## C. Circumstantial Evidence Without Comparators

Spiegel's Second Amended Complaint provided circumstantial evidence of discrimination, including exclusion from key decision-making processes, selective enforcement of a pronoun mandate, and harsher discipline. These allegations show a pattern of disparate treatment based on race, age, and gender identity, satisfying the pleading requirements (*Desert Palace, Inc. v. Costa,* 539 U.S. 90, 100 (2003)).

## D. Courts' Recognition of Supervisors' Claims Without Comparators

Supervisors like Spiegel can bring discrimination claims without direct comparators. The Second Circuit in *Gorzynski v. JetBlue Airways Corp*. noted that comparators need not be identical but similar in material respects. Spiegel's claims of exclusion, selective enforcement, and disproportionate discipline support her claims under 42 U.S.C. § 1981, NYSHRL, and NYCHRL.

## E. Conclusion

The district court erred by dismissing Spiegel's claims due to the absence of comparator evidence. She presented sufficient circumstantial evidence to survive

dismissal. The Court should reverse the district court's dismissal and remand the case for further proceedings, including discovery.

## POINT V: IMPROPER DISMISSAL OF TORT CLAIMS

## 1. Reinstatement of the Intentional Infliction of Emotional Distress (IIED) Claim

### A. Standard of Review

The district court erred in dismissing Spiegel's IIED claim solely due to non-opposition. Although Plaintiff did not oppose this portion of the motion, dismissing a substantive claim based on this procedural oversight is excessive. The appellate court should review such dismissals under an abuse of discretion framework, recognizing that courts generally prefer to resolve claims on their merits (*Foman v. Davis*, 371 U.S. 178, 181-82 (1962)).

Spiegel's allegations meet the legal threshold for IIED under New York law, as the conduct alleged—including severe harassment intended to cause emotional harm—meets the "outrageous conduct" requirement (*Howell v. New York Post Co*., 81 N.Y.2d 115, 121 (1993)). Justice would be better served by reinstating the claim for further litigation.

### B. Failure to Oppose Was Inadvertent

The failure to oppose was not intentional and should not lead to dismissal of a valid claim. Courts have held that inadvertent procedural oversights should not bar

substantive claims (*Foman v. Davis*, 371 U.S. 178, 181-82 (1962)). Spiegel's IIED claim should not have been dismissed solely for this reason.

## C. Substantive Viability of the IIED Claim

Spiegel's IIED claim is legally valid. The conduct alleged—repeated harassment and discriminatory actions—constitutes extreme and outrageous conduct, satisfying New York's IIED requirements (*Howell v. New York Post Co.*, 81 N.Y.2d 115, 121 (1993)).

## D. Interests of Justice Favor Reinstatement

The Federal Rules of Civil Procedure emphasize resolving disputes on their merits (Fed. R. Civ. P. 1). No undue prejudice would result from reinstating the IIED claim, as discovery has not yet begun, while Spiegel would be significantly harmed by its dismissal. The claim should be reinstated to allow for full adjudication.

## E. Conclusion

Spiegel respectfully requests that this Court reverse the district court's dismissal of the IIED claim. The failure to oppose the motion was inadvertent, and the claim itself is substantively valid. Reinstatement is necessary to ensure fairness and allow Spiegel to seek redress for emotional harm.

## 2. Erroneous Dismissal of Negligent Hiring, Retention, and Supervision Claims Under New York Workers' Compensation Law

## A. Standard of Review

The district court incorrectly dismissed Spiegel's claims for negligent hiring, retention, and supervision based on the exclusivity of the New York Workers' Compensation Law (NYWCL). However, these claims involve gross negligence, which is not covered by the NYWCL. The standard of review under Rule 12(b)(6) is de novo (*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The allegations clearly state a plausible claim that should not be dismissed.

**B. NYWCL Exclusivity Does Not Apply to Gross Negligence**

The NYWCL bars tort claims for workplace injuries only when those injuries are accidental (*O'Rourke v. Long*, 41 N.Y.2d 219, 224 (1976)). Claims involving gross negligence or intentional misconduct, particularly in cases of discrimination, fall outside the scope of the NYWCL (*Ramos v. Jake Realty Co.*, 21 A.D.3d 744, 746 (1st Dep't 2005)). Spiegel's claim involves gross negligence in her employer's failure to manage discriminatory employees, which is not subject to NYWCL exclusivity.

**C. Viability of the Negligent Hiring, Retention, and Supervision Claim**

Under New York law, employers are liable for negligent supervision if they knew or should have known about an employee's harmful behavior and failed to act (*Detone v. Bullit Courier Serv., Inc.,* 140 A.D.2d 278, 279 (1st Dep't 1988)). Spiegel provided ample allegations that her employer failed to address discriminatory conduct despite being aware of it, constituting negligent supervision.

**D. Public Policy Supports Employer Accountability**

Public policy supports holding employers accountable for gross negligence in cases of discrimination, as recognized by the NYCHRL and NYSHRL (*Albunio v. City of New York*, 16 N.Y.3d 472 (2011)). Dismissing Spiegel's claims would undermine these statutes' remedial purposes and allow employers to avoid accountability for failing to manage employees who engage in harmful conduct (*Doe v. Guthrie Clinic, Ltd.*, 22 N.Y.3d 480 (2014)).

**E. Conclusion**

The district court erred in applying NYWCL exclusivity to dismiss Spiegel's negligent supervision claim. Her allegations of gross negligence fall outside the scope of NYWCL and should be allowed to proceed. This Court should reverse the district court's dismissal and remand the case for further proceedings.

## POINT VI: IMPROPER DISMISSAL OF WAGE CLAIMS FOR LACK OF SPECIFICITY

**A. Standard of Review**

The district court erred in dismissing Spiegel's wage claims under the FLSA and NYLL due to a lack of specificity. Under a de novo review for Rule 12(b)(6) dismissals, the appellate court must assess whether the complaint contains sufficient factual matter to state a plausible claim (*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Wage claims, particularly those involving overtime, need only include general

allegations at the pleading stage. The district court's requirement for heightened specificity contradicts Rule 8(a) and prevailing legal standards (*Lundy v. Catholic Health System of Long Island, Inc*., 711 F.3d 106, 114 (2d Cir. 2013)).

## B. Legal Standard for Pleading Wage Claims

Under the FLSA and NYLL, plaintiffs are not required to provide precise calculations of unpaid overtime in their complaints. They need only allege they worked overtime for which they were not compensated. Spiegel's SAC described her regular overtime work and her employer's failure to pay overtime, meeting the required standard for pleading wage claims. In *Herrera v. Comme des Garcons, Ltd*., 84 F.4th 110 (2d Cir. 2023), the Second Circuit reaffirmed that plaintiffs need not specify exact unpaid hours, and Spiegel's SAC stated that she worked approximately 1,000 hours without pay.

## C. Precedent Supporting General Allegations

Courts consistently recognize that employees typically do not have access to detailed records of their hours worked before discovery, which are often controlled by the employer. Cases like *Nakahata v. New York-Presbyterian Healthcare Sys*., Inc., 723 F.3d 192 (2d Cir. 2013), and *Sec'y of Labor v. Labbe*, 319 F. App'x 761 (11th Cir. 2008), affirm that generalized allegations of unpaid overtime are sufficient at the pleading stage. Dismissing claims due to a lack of specific hours worked contradicts these precedents.

### D. Role of Discovery in Wage and Hour Claims

Discovery is vital for wage claims under the FLSA and NYLL, as it allows employees to access time records and employment documents, which are typically controlled by the employer. The district court's dismissal of Spiegel's wage claim without discovery undermines the FLSA's purpose to protect workers from wage theft (*Lundy*, 711 F.3d at 114). Denying Spiegel access to discovery prevents her from verifying the hours worked and wages owed through the employer's own records.

### E. Spiegel's Factual Allegations Meet the Pleading Standard

Contrary to the district court's findings, Spiegel's SAC provided sufficient detail to state a plausible claim for unpaid overtime under both the FLSA and NYLL. She alleged that she consistently worked over 40 hours a week without receiving overtime pay, outlined her regular duties and schedule, and described how her employer systematically failed to pay overtime, which satisfies the standard established in *Dejesus v. HF Mgmt. Servs*., LLC, 726 F.3d 85 (2d Cir. 2013).

### F. Conclusion

The district court's requirement for heightened specificity contradicts established wage and hour precedents. Spiegel's SAC provided a sufficient basis for her wage claims, and discovery is necessary to substantiate those claims. This Court should

reverse the district court's dismissal and remand the case for further proceedings, ensuring Spiegel's rights under federal and state law are upheld.

## POINT VII: SUBSTANTIVE CLAIMS SHOULD NOT BE DISMISSED ON TECHNICAL GROUNDS

### A. Standard of Review and Premature Dismissal

As established in POINT I (Section A), under Rule 12(b)(6), all factual allegations must be accepted as true to determine if the complaint states a plausible claim (*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The district court improperly dismissed Spiegel's claims without allowing discovery, which is necessary to uncover key details in discrimination and wage violation cases, such as comparator evidence or unpaid overtime (*Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242 (1986)). Substantive claims should not be dismissed before discovery can substantiate them.

### B. Liberal Construction of Discrimination and Retaliation Claims

The district court failed to apply the liberal interpretation required under NYCHRL and NYSHRL, which are designed to provide broad protection against discrimination (*Albunio v. City of New York*, 16 N.Y.3d 472 (2011)). Spiegel's allegations of exclusion, disproportionate discipline, and differential treatment based on race and age were sufficient to survive dismissal, as these laws favor proceeding

27

to discovery, particularly when circumstantial evidence is sufficient (*Swierkiewicz, 534 U.S. at 510-12*).

## C. Hostile Work Environment and Wage Claims

Spiegel's claims of a hostile work environment and wage violations were dismissed on technical grounds without sufficient consideration of the facts. Hostile work environment claims must be viewed holistically, considering cumulative discriminatory acts, and Spiegel provided ample allegations (*Harris v. Forklift Sys., Inc.*, 510 U.S. 17 (1993)). Similarly, wage claims under FLSA and NYLL need not include exact hours worked at the pleading stage; Spiegel's allegations of regular unpaid overtime were sufficient (*Lundy v. Catholic Health System of Long Island, Inc.*, 711 F.3d 106 (2d Cir. 2013)).

## D. Oral Argument and Policy Against Premature Dismissals

The district court's refusal to allow oral argument when requested by both parties, denied Spiegel an opportunity to address any perceived deficiencies in her pleadings (*Houston v. F.W. Woolworth Co.*, 595 F.2d 290 (5th Cir. 1979)). Premature dismissals—especially in complex cases involving discrimination and retaliation—are generally disfavored, as they prevent substantive claims from being fully developed through discovery (*Conley v. Gibson*, 355 U.S. 41 (1957)).

## E. Conclusion

Dismissal of Spiegel's substantive claims based on technical grounds was improper. Her allegations were sufficient to warrant discovery, and the district court's premature dismissal denied her the opportunity to substantiate her claims. This Court should reverse the dismissal and remand for further proceedings.

## CONCLUSION

For the reasons stated, the district court erred in dismissing Plaintiff Theresa Spiegel's claims under the NYCHRL, NYSHRL, 42 U.S.C. § 1981, FLSA, and NYLL. Plaintiff sufficiently pled facts supporting her allegations of hostile work environment, racial discrimination, retaliation, wage violations, and tortious conduct, which were improperly dismissed at the pleading stage. The denial of oral argument further deprived Plaintiff of the opportunity to clarify and substantiate her complex legal claims.

This Court should reverse the district court's dismissal of Plaintiff's claims and remand the case for further proceedings.

**WHEREFORE**, Plaintiff respectfully requests that this Court:

1. Reverse the district court's dismissal of Plaintiff's claims under the NYCHRL, NYSHRL, 42 U.S.C. § 1981, FLSA, and NYLL;

2. Remand the case for further proceedings consistent with this opinion; and

3. Grant such other relief as the Court deems just and proper.

Dated: October 9, 2024
New York, NY

Respectfully submitted,

_____/s/ Hugo Ortega_____

HUGO ORTEGA,
ESQ.TANNER & ORTEGA,
LLP299 Broadway - Suite
1700New York, NY
10007Telephone: (212)962-
1333Email:
hortega@tannerortega.com

## CERTIFICATE OF COMPLIANCE

1. This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) and Local Rule 32.1(a)(4)(A) because this brief contains 5,803 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(f), which is within the 14,000 word limit for a principal brief under Local Rule 32.1(a)(4)(A).

2. This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Times New Roman font.


Dated: October 9, 2024                          Respectfully submitted,
New York, NY


                                    ___/s/ Hugo Ortega_____
                                    HUGO ORTEGA,ESQ.
                                    TANNER & ORTEGA,
                                    LLP299 Broadway - Suite
                                    1700New York, NY
                                    10007Telephone: (212)962-
                                    1333Email:
                                    hortega@tannerortega.com

## CERTIFICATE OF SERVICE

I, Hugo Ortega, certify that on October 9, 2024 I served a copy of Appellant's Brief on counsel of record via this Court's ACMS/ECF electronic filing system.

/s/ Hugo Ortega
HUGO ORTEGA,ESQ.